Per Curiam.
Respondent was admitted to practice by the Appellate Division, Fourth Department in 1986. He maintained an office for the practice of law in the City of Utica, Oneida County.
Respondent admitted the factual specifications set forth in a petition of charges, but argues that he should be found not guilty of the charged misconduct. Having granted petitioner’s motion for an order declaring that the pleadings raised no factual issues and having heard respondent in mitigation or otherwise (see 22 NYCRR 806.5), we now find that respondent neglected a client matter in violation of former Code of Professional Responsibility DR 6-101 (a) (3) (former 22 NYCRR 1200.30 [a] [3]) and the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b) and failed to adequately communicate with the client in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (former 22 NYCRR 1200.3 [a] [5]) and the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4.*
Respondent’s misconduct is aggravated by his disciplinary record, which includes a February 2010 suspension from practice by the Appellate Division, Fourth Department for willful violation of an order of support (Matter of Koziol, 70 AD3d 1516 [2010], lv dismissed 16 NY3d 853 [2011], cert denied 565 US —, 132 S Ct 455 [2011]; suspension order lifted in January 2012 Matter of Koziol, 92 AD3d 1265 [2012]) and a one-year suspension from practice (still extant) imposed by this Court in September 2010 (Matter of Koziol, 76 AD3d 1136 [2010], lv dismissed 15 NY3d 943 [2010], lv denied 16 NY3d 853 [2011], cert denied 565 US —, 132 S Ct 455 [2011]). In addition, in March 2012, petitioner issued three letters of admonition to respondent.
We conclude that, to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of six months, effective immediately. Further, we deny respondent’s application for reconsideration of our January 2013 confidential order which denied his application for reinstatement. Respondent may file a new application for reinstatement at the end of the six-month period of suspension imposed by this decision.
Rose, J.P., Lahtinen, Stein and Spain, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in charges II and III of the petition of *1139 charges and charge I is dismissed; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that respondent’s application for reconsideration of the denial of his application for reinstatement is denied; and it is further ordered that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).

 The sustained charges involve conduct occurring prior to and after the April 1, 2009 enactment of the Rules of the Professional Conduct.